IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DONNA ALLSHOUSE, individually and
on behalf of all others similarly situated                                                                 PLAINTIFF

v.                                          Case No. 1:21-cv-1032

THE JOSHUA AGENCY, LLC,
and CORY JOHNSON                                                                                      DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal With Prejudice.  ECF No. 27.  The matter is ripe for consideration.

### I.  BACKGROUND

On July 8, 2021, Plaintiff Donna Allshouse filed this action individually and behalf of all others similarly situated, alleging that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq., by failing to pay her for all hours worked, including overtime. Specifically, Plaintiff alleges that she and other drivers were hired by Defendants to transport their customers to medical appointments but were misclassified as independent contractors, which caused the drivers not to be paid lawful minimum wage or proper overtime compensation.

On September 29, 2021, the parties stipulated to conditionally certify a collective action under the FLSA with the following definition:  all drivers within the past three years.  Following the distribution of notice, twelve other individuals opted into the collective action, one of whom later withdrew his consent, for an ultimate total of twelve individuals.[1]

---

[1] Plaintiff and the eleven opt-in plaintiffs are hereinafter collectively referred to as Plaintiffs.

On February 17, 2023, the parties filed the instant motion, indicating that they have resolved all claims in this case, as captured in a proposed Settlement Agreement filed with the Court. ECF No. 27-1. They ask the Court to approve their settlement and dismiss this case with prejudice.

## II.  DISCUSSION

The FLSA was enacted for the purpose of protecting workers from "substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739 (1981). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Loseke v. Depalma Hotel Corp.*, No. 4:13-cv-3191, 2014 WL 3700904, at *1 (D. Neb. July 24, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies that it was designed to effectuate." *Barrentine*, 450 U.S. at 740.

There are two ways in which FLSA wage claims can be settled or compromised by employees. First, an employee may accept full payment of unpaid wages under the supervision of the Secretary of Labor. 29 U.S.C. § 216(c). Second, when employees bring a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). However, most FLSA cases are not compromised under either category but, like here, are instead submitted to the district court for approval and dismissal with prejudice, which would have the same effect as a stipulated judgment. *Melgar v. OK Foods*, No. 2:13-cv-2169-PKH, 2017 WL 10087890, at *1 (W.D. Ark. Jan. 26, 2017).

It remains an open question in the Eighth Circuit whether the FLSA requires judicial approval to settle bona fide disputes over wages owed. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). When asked, this Court and others in the Eighth Circuit typically review a proposed FLSA settlement's terms for fairness to ensure the parties are not left in an "uncertain position." *See, e.g.*, *King v. Raineri Const., LLC*, No. 4:14-cv-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015). In doing so, the Court will only approve a FLSA settlement agreement if the case "involves a bona fide dispute and . . . the proposed settlement is fair and equitable to all parties." *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-cv-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014). The Court will now examine these two issues as they pertain to the present case.

A settlement addresses a bona fide dispute when it "reflects a reasonable compromise over issues actually in dispute." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). After all, if there was no dispute that a plaintiff is owed wages, allowing the FLSA claims to settle would allow the parties to improperly negotiate around mandatory FLSA entitlements. *Barrentine*, 450 U.S. at 739-40. The "threshold for establishing whether a bona fide dispute exists between the parties is a low one met where the parties are in disagreement about the wages to be paid and liability of the issues." *Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *4 (D. Minn. May 8, 2017).

In this case, Plaintiffs allege that Defendants misclassified her and other drivers as independent contractors, which caused the drivers not to be paid lawful minimum wage or proper overtime compensation. The parties state that they engaged in extensive discovery regarding Plaintiffs' claims and time records, compensation, mileage, and issues related to the underlying merits of the claims and defenses. The parties also assessed the strengths and weaknesses of their

3

relative positions, which informed their decision to settle. ECF No. 27, ¶¶ 11-12. Further, the parties contemplated the expenses associated with further litigation and a potential trial and determined it was in their mutual interest to resolve the litigation before trial.

From these representations, the Court is satisfied that the proposed merits settlement is the good-faith product of arm's length negotiation between the parties' experienced counsel, based on the merits of the case rather than some other improper purpose. *See Grahovic*, 2016 WL 1170977, at *3 (finding a settlement fair and reasonable when the parties had not engaged in formal discovery but informally exchanged all relevant payroll documents that allowed the parties to assess the strengths of their positions prior to settlement talks).

The parties' proposed settlement agreement provides that Defendant shall pay a total sum of $66,000.00. Defendants agree to pay $35,080.80 to Plaintiffs as consideration for their damages as calculated by Plaintiffs' counsel. The damages calculated assumes each Plaintiff worked 60 hours per week of employment during the three years preceding the filing of this action. The damages further considered mileage based on either records from Defendants where available or an average where unavailable. The settlement amount was then divided by each Plaintiff's percentage of the total damages to determine the allocation for each Plaintiff. ECF No. 27, ¶ 10. Defendants also agree to pay $3,500.00 to Plaintiff Allshouse as a service award.

Further, Defendants agree to pay $27,449.20 to Plaintiffs' attorney for attorney's fees plus costs. The amount of attorney's fees represents case costs and forty percent of the total settlement amount pursuant to a written contingency fee agreement between Plaintiff and counsel. The Court now addresses these attorney's fees.

The Eighth Circuit has assumed, without deciding, that if FLSA settlements are subject to judicial review, district courts have "the authority to ensure (1) the attorney fees were in fact

4

negotiated separately and without regard to the plaintiff's FLSA claim, and (2) there was no conflict of interest between the attorney and his or her client."[2]  *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853-54 (8th Cir. 2021) (cleaned up).  If the Court answers those questions affirmatively, then it lacks the authority under the FLSA to review the settled attorney's fees.  *Barbee*, 927 F.3d at 1027.  If, however, the attorney's fees were not negotiated separately and apart from the merits settlement, the Court may then review the fees for reasonableness.  *See Vines*, 9 F.4th 849, 855-57 (reviewing a reduced award of attorney's fees after finding the district court correctly determined the fees were not negotiated separately from the FLSA merits settlement).

There is no indication here that the parties negotiated the attorney's fees separately from the FLSA merits settlements.  The settled attorney's fees were calculated as a "percentage of the total settlement amount," with the fees comprising 40% of the total settlement.  When settled attorney's fees are calculated as a percentage of a total FLSA settlement common fund, district courts throughout the Eighth Circuit have found that *Barbee*'s limitation on fee review does not apply because, among other reasons, the fees are necessarily intertwined with the FLSA merits settlement.  *Guy v. DMG Installations, Inc.*, No. 4:20-cv-0331-SBJ, 2021 WL 4973251, at *5-6 (S.D. Iowa Oct. 22, 2021); *Johnson v. Himagine Sols., Inc.*, No. 4:20-cv-0574-SPM, 2021 WL 2634669, at *6 n.3 (E.D. Mo. June 25, 2021); *Sandoval-Osegura v. Harvey Pallets Mgmt. Grp., LLC*, No. 4:19-cv-0096-AGF, 2021 WL 2337614, at *2 n.3 (E.D. Mo. June 8, 2021); *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-cv-2635-JAR, 2021 WL 1784368, at *2 (E.D. Mo. May 5, 2021).

Thus, the Court has authority to review the proposed agreement's percentage-of-the-fund

---

[2] The parties have moved for the Court's approval of the FLSA settlement, so the Court uses the law to be applied if judicial review of FLSA settlements is required.  *See Seow v. Miyabi Inc.*, No. 19-cv-2692 (JNE/DTS), 2021 WL 3616894, at *1 (D. Minn. July 15, 2021) (doing the same); *Bryson v. Patel*, No. 4:20-cv-0065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15, 2021) (same).

approach to calculating fees, which is appropriate if the fees are fair and reasonable. *Del Toro*, WL 1784368, at *3. The Court does so while remembering that "where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of attorneys' fees." *Melgar*, 902 F.3d at 779. Rather, the review "requires a certain level of deference . . . to the parties' settlement agreement" and "is more deferential than resolving attorneys' fees in a disputed case." *Id.* at 779-80.

The Eighth Circuit has not offered a specific test for considering the reasonableness of attorney's fees calculated as a percentage of the fund, but district courts in the Eighth Circuit frequently use the following factors set out by the Fifth Circuit in *Johnson v. Georgia Highway Express*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d 714, 719-20 (5th Cir. 1974); *see also Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 (8th Cir. 2007) (finding no abuse of discretion where the district court considered the *Johnson* factors in determining the final fee award). Not all factors will apply in every case and not all need to weigh in favor of the ultimate fee award. *Browne v. P.A.M. Transp., Inc.*, No. 5:16-cv-5366-TLB, 2020 WL 4430991, at *2 (W.D. Ark. July 31, 2020). The *Johnson* factors overlap almost completely with the factors laid out by the Arkansas Supreme Court for assessing appropriate attorney's fees under state law, such as the AMWA claim in this case. *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990); *see also All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 520-21 (8th Cir. 2009) (endorsing the use of the *Chrisco* factors in

6

matters of Arkansas state law).

Plaintiff's counsel took this case on a contingency basis, with no guarantee of success and significant risk of no recovery, and thus, no attorney's fees. Plaintiff's counsel has demonstrated his experience in FLSA litigation. The settlement was achieved after the parties exchanged significant amounts of documents, allowing for the determination of who the potential collective members are, the hours they worked, the wages they were paid, and the strengths and weaknesses of the parties' respective claims and defenses. The settlement amount is favorable for Plaintiffs, especially given the lack of time records and complete mileage records that could cause difficulty at trial. The 40% attorney's fees amount is slightly higher than the range ordinarily awarded in percentage-of-the-fund cases. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017) (noting the ordinary range of 25% to 36%). However, any skepticism the Court might have about approving that award is overcome by the benefit provided to Plaintiffs, as well as the Eighth Circuit's admonition that courts should give a certain amount of deference when reviewing agreed attorney's fees in FLSA settlements. *See Johnson v. Thomson Reuters*, No. 18-cv-0070-PJS/HB, 2019 WL 1254565, at *6 (D. Minn. Mar. 19, 2019) (approving agreed fee request in FLSA settlement after expressing skepticism about the fee request's reasonableness); *Roark v. Nat'l Park Motors, Inc.*, No. 6:17-cv-6131-PKH, 2019 U.S. Dist. LEXIS 5530, at *5-6 (W.D. Ark. Jan. 11, 2019) (same). Accordingly, the Court finds that 40% of the settlement fund, or $26,400.00, is a fair and reasonable amount for attorney's fees based on the specific circumstances of this case.

### III.  CONCLUSION

For the above-stated reasons, the parties' joint motion (ECF No. 27) is hereby **GRANTED**. The parties' proposed settlement agreement is approved as fair and reasonable in all respects. This case is **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction to vacate this order

and reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

      **IT IS SO ORDERED**, this 21st day of September, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge